UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------- X

FEDERAL HOME LOAN BANK OF
PITTSBURGH,

                     Plaintiff,

                v.

J.P. MORGAN SECURITIES INC., J.P. MORGAN
CHASE & CO., MOODY'S CORPORATION,
MOODY'S INVESTORS SERVICE, INC., and
THE MCGRAW-HILL COMPANIES, INC.

                    Defendants.

-------------------------------------------------------------- X

Civil Action No. _____

**NOTICE OF REMOVAL**

     PLEASE TAKE NOTICE that, on this date, specially appearing Defendants J.P. Morgan

Securities Inc., and J.P. Morgan Chase & Co. (the "J.P. Morgan Defendants"),[1] Moody's

Corporation, Moody's Investors Service, Inc., and The McGraw-Hill Companies, Inc. (the

"Rating Agency Defendants" and with the J.P. Morgan Defendants the "Removing Defendants"),

by and through their respective undersigned attorneys, hereby remove the above-captioned case

pending in the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States

District Court for the Western District of Pennsylvania.  The grounds for removal are set forth

below.[2]

---

[1]    Plaintiff appears to incorrectly identify JPMorgan Chase & Co. as J.P. Morgan Chase & Co.

[2]    The Removing Defendants specially appear for the purposes of removal only and for no other purpose, and they reserve all defenses, whether jurisdictional or otherwise, available to them.

## SUMMARY

1.      This Court has original jurisdiction over this matter under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), and all the claims and causes of action in the matter may be removed to this Court under 28 U.S.C. § 1453.

2.      This Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) because this matter is related to a pending bankruptcy proceeding, and all claims and causes of action in the matter may be removed to this Court under 28 U.S.C. § 1452.

3.      This Court also has original jurisdiction over this matter pursuant to the charter of plaintiff Federal Home Loan Bank of Pittsburgh ("Plaintiff" or "Pittsburgh FHLB"), and all the claims and causes of action in the matter may be removed to this Court under 28 U.S.C. § 1441.

## PROCEDURAL HISTORY

4.      On September 23, 2009, Pittsburgh FHLB filed this action by filing a Summons and Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania.  The case, entitled *Federal Home Loan Bank of Pittsburgh v. J.P. Morgan Securities Inc. et al.*, was assigned the case number GD-09-016893.

5.      Plaintiff served J.P. Morgan Securities Inc., J.P. Morgan Chase & Co., Moody's Corporation, and Moody's Investors Service, Inc. with the Summons and Complaint on or about October 2, 2009.  Plaintiff served The McGraw-Hill Companies, Inc. with the Summons and Complaint on or about October 14, 2009.  In accordance with 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served upon the Removing Defendants are attached hereto as Exhibit A.  On information and belief, the earliest date Plaintiff served any of the Removing Defendants is on or about October 2, 2009.  Copies of affidavits of service, filed by Plaintiff and available from the Court of Common Pleas of Allegheny County, Pennsylvania, are attached hereto as Exhibits B and C.

2

6.     The Complaint alleges, among other things, that certain prospectuses and other offering materials filed in connection with a mortgage-backed security identified by CUSIP 45662DAA3 (the "Certificate") contained misstatements and omissions in violation of Sections 11, 12, and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o (the "1933 Act"); the Pennsylvania Securities Act of 1972, 70 P.S. §1-501; and state common law.

7.     The Certificate is currently included in a consolidated putative class action involving very similar allegations that is pending in the United States District Court for the Southern District of New York, *In re IndyMac Mortgage-Backed Sec. Litig.*, Master Docket No. 09-Civ.-05483 (LAK) (Oct. 9, 2009).

8.     The Removing Defendants' time to answer the Summons and Complaint has not expired, and none of the Removing Defendants has served or filed an answer.

9.     No further proceedings have occurred in this action in the Court of Common Pleas of Allegheny County, Pennsylvania.

10.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(3) because it is being filed within thirty days after receipt of the Summons and Complaint.

## I.     Removal under the Class Action Fairness Act of 2005

11.     This action is removable under 28 U.S.C. § 1453(b) pursuant to the Class Action Fairness Act ("CAFA").  CAFA provides that the

> district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
>> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>>
>> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

> (C) any member of a class of plaintiffs is a citizen of a State and any
> defendant is a foreign state or citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

12.     CAFA also extends the meaning of the term "class action," for the purpose of

removal under 28 U.S.C. § 1453, to encompass a "mass action." *Id.* § 1332(d)(11)(A). The term

"mass action" is defined to mean "any civil action . . . in which monetary relief claims of 100 or

more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve

common questions of law or fact." *Id.* § 1332(d)(11)(B)(i). This case is a removable mass

action within the meaning of CAFA.

13.     Plaintiff is one of twelve Federal Home Loan Banks created by Congress under

the Federal Home Loan Bank Act of 1932. Compl. ¶ 2. Plaintiff is a cooperative institution that

is owned by approximately 320 member financial institutions that are also its primary customers

(the "FHLB members"). *Id.* ¶ 1; Federal Home Loan Bank of Pittsburgh, Form 10-Q (filed

August 12, 2009) ("Pittsburgh FHLB 10-Q") at 5, which is attached hereto as Exhibit D.

14.     Plaintiff seeks to try jointly as its own claim the claims of its approximately 320

members. Plaintiff alleges that "the Defendants' conduct has also affected the members of

Pittsburgh FHLB and their communities. Because of the conduct of the Defendants (and others),

Pittsburgh FHLB announced in late December 2008 that it was suspending its dividends to its

members." Compl. ¶ 62; *see also id.* ¶ 3 ("Pittsburgh FHLB, historically, provided its members

with a dividend – at least it did so until the losses caused by the Defendants and others forced it

to suspend the payment of a dividend in late 2008."). Although they are not identified as

plaintiffs in the caption of the complaint, the FHLB members are the true parties in interest in

this action. *See, e.g., Louisiana v. Allstate Ins. Co.*, 536 F.3d 418, 429-30 (5th Cir. 2008)

(holding that removal is proper on the grounds that individuals not identified as plaintiffs in

complaint by Louisiana Attorney General are mass action plaintiffs within the meaning of CAFA). Thus, this action seeks to try jointly the claims for monetary relief of more than 100 persons whose claims involve common questions of law and fact.

15.     This action satisfies CAFA's minimal diversity requirement. *See* 28 U.S.C. § 1332(d)(2)(A).  Many of the FHLB members are citizens of a state different from any defendant.  The FHLB members maintain their respective principal places of business in Delaware, Pennsylvania and West Virginia. *See* Pittsburgh FHLB 10-Q at 5.  On information and belief, 236 of the FHLB members are citizens of Pennsylvania, and 61 are citizens of West Virginia. *See* http://www.fhlb-pgh.com/about-us/our-customers.html (listing Plaintiff FHLB's members as of October 1, 2009), which is attached hereto as Exhibit E.  On information and belief, as well as according to Plaintiff's allegations, no defendant is a citizen of either Pennsylvania or West Virginia. *See* Compl. ¶¶ 4-7.

16.     The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  Plaintiff alleges that the Certificate, purchased with a face value of $100,000,000, is trading at 39% of its par value – *i.e.*, $61,000,000 below its purchase price. Compl. ¶ 61.  Plaintiff has further alleged that it has "taken an estimated $10.7 million credit loss on [the Certificate], and has reported $33 million in Other Comprehensive Income losses." *Id.* While the Removing Defendants deny that Plaintiff or any of its constituent members is entitled to recover any amount, and specifically deny that Plaintiff or any of its constituent members is entitled to relief on the basis of the claims asserted in the Complaint, Plaintiff's alleged loss far exceeds the $5 million amount-in-controversy requirement.

17.     In addition, original jurisdiction exists over the claims of the FHLB members, whose alleged losses are, on average, well in excess of the minimum amount-in-controversy requirement of $75,000. *See* 28 U.S.C. § 1332(d)(11)(B)(i).

18.     Plaintiff has the burden of proving that any exceptions to CAFA apply. Regardless of who bears the burden, CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(4), (5), (9), and (11) do not apply here.

a.     First, the exceptions in Sections 1332(d)(4)(A) and (B) for actions involving classes consisting largely of citizens of the state in which the action was originally filed do not apply because, among other reasons, none of the defendants in this action are citizens of Pennsylvania. *See* 28 U.S.C. § 1332(d)(4).

b.     Second, the exception in Section 1332(d)(5)(A) does not apply because the defendants are individuals and corporate and other private entities, not "States, State officials, or other governmental entities." 28 U.S.C. § 1332(d)(5)(A).

c.     Third, the exception in Section 1332(d)(5)(B) does not apply because the number of putative class members is alleged to be greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B). Specifically, Plaintiff seeks to try jointly as its own claim the claims of its approximately 320 members. *See supra* ¶¶ 13-14.

d.     Fourth, the exceptions in Section 1332(d)(9) do not apply because this case does not solely involve a claim: (1) concerning a "covered security" under Section 16(f)(3) of the Securities Act (15 U.S.C. § 78p(f)(3)); (2) relating to the internal affairs or governance of a corporation or other form of business enterprise is incorporated or organized; or (3) relating to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under Section 2(a)(1) of the Securities Act (15 U.S.C.

6

§ 77b(a)(1)) and the regulations issued thereunder). *See* 28 U.S.C. § 1332(d)(9); *Estate of Pew v. Cardarelli*, 527 F.3d 25, 33 (2d Cir. 2008); *N.J. Carpenters Vacation Fund v. HarborView Mortgage Loan Trust 2006-4*, 581 F. Supp. 2d 581, 589-90 (S.D.N.Y. 2008).

      e.     In addition, none of the bases for discretionary declination of jurisdiction under Section 1332(d)(3) applies, because none of the defendants in this action are citizens of Pennsylvania. *See* 28 U.S.C. § 1332(d)(3); *supra* ¶ 15 (citing Compl. ¶¶ 4-7).

      f.     Finally, none of the other restrictions on federal jurisdiction apply, nor do any of the exceptions to the definition of "mass action." *See* 28 U.S.C. § 1332(d)(11)(B)(ii).

      19.     Section 1453 controls over the anti-removal provision in Section 22(a) of the 1933 Act, 15 U.S.C. § 77v(a).  Although there is a split in authority between circuits that have considered this issue, the more recent cases hold that 1933 Act claims are removable under CAFA.  *See Katz v. Gerardi*, 552 F.3d 558, 562 (7th Cir. 2009) (Easterbrook, J.); *N.J. Carpenters*, 581 F. Supp. 2d at 588 (relying on *Estate of Pew*, 527 F.3d at 25, and *California Pub. Empls.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004)).

      20.     Consent to removal is not required with respect to removal under CAFA.  *See* 28 U.S.C. § 1453(b).  In any event, all Defendants join in this Notice of Removal and consent to the removal of this action to this Court, subject to and without waiving any defenses and rights available to them.

      21.     Because the requirements of CAFA are satisfied, the Removing Defendants are entitled to have this case heard in federal court rather than state court.

## II.    Removal Under 28 U.S.C. § 1452 As "Related to" Bankruptcy Proceedings

      22.     Removal is also proper under 28 U.S.C. § 1452, which provides for "[r]emoval of claims related to bankruptcy cases." Section 1452(a) provides in relevant part that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district

where such civil action is pending, if such district court has jurisdiction of such a claim or action under § 1334 of this title." Under 28 U.S.C. § 1334(b), this Court has jurisdiction to hear all civil proceedings that are "related to cases under title 11," which is the United States Bankruptcy Code. As explained below, this action is "related to" the bankruptcy proceedings of IndyMac Bancorp, Inc. ("IBI").

23.     Plaintiff identifies IndyMac Bank and its affiliates, IndyMac Bank, F.S.B. and IndyMac MBS, Inc. (collectively, "IndyMac"), as "relevant non-parties" to this action, insofar as IndyMac allegedly originated the mortgage loans that are the collateral for the Certificate. Compl. ¶ 8. Furthermore, Plaintiff alleges that IndyMac "is currently in bankruptcy, and as such is not a defendant in this suit." *Id.*

24.     On information and belief, IBI is the parent holding company of IndyMac. On July 31, 2008, IBI filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. *See In re IndyMac Bancorp, Inc.*, Case No. 08-21752 (Bankr. C.D. Cal., Jul. 31, 2008).

25.     A case is "related to" a bankruptcy proceeding within the meaning of 28 U.S.C. § 1334(b) when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Combustion Eng'g*, 391 F.3d 190, 226 (3d Cir. 2004) (citing *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Moreover, in the Third Circuit, "the proceeding need not be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling or administration of the bankrupt estate." *Pacor*, 743 F.2d at 994.

26.     Certain of the Removing Defendants were parties to indemnification and contribution agreements (the "Indemnification Agreements") with IndyMac in connection with the offering of the Certificate.  In accordance with the provisions of the Indemnification Agreements, and applicable law, Removing Defendants have contingent claims for indemnification and contribution against IndyMac arising from this action.  Consequently, this action is "related to" the bankruptcy proceeding of IndyMac's parent, IBI, within the meaning of Section 1334(b).

27.     The bankruptcy removal statute controls over the anti-removal provision of Section 22(a) of the 1933 Act.  *See Cal. Pub. Empls. Ret. Sys.*, 368 F.3d at 108 ("we hold that generally nonremovable claims brought under the Securities Act of 1933 may be removed to federal court if they come within the purview of 28 U.S.C. § 1452(a), which confers federal jurisdiction over claims that are related to a bankruptcy case"); *State of N.J., Dep't of Treasury, Div. of Inv. v. Fuld*, Civ. No. 09-1629, 2009 WL 1810356 (D.N.J. June 25, 2009) (holding that *WorldCom* is persuasive, in the absence of Third Circuit authority on the issue).

28.     Consent to removal is not required with respect to removal under the bankruptcy removal statute.  *See* 28 U.S.C. § 1452(a).  In any event, all Defendants join in this Notice of Removal and consent to the removal of this action to this Court, subject to and without waiving any defenses and rights available to them.

29.     The Removing Defendants are entitled to have this case heard in federal court rather than state court because the case is related to bankruptcy proceedings.

**III.     Removal Under 28 U.S.C. § 1441**

30.     This action is also removable under 28 U.S.C. § 1441, which provides that:

> Except as otherwise expressly provided by Act of Congress, any
> civil action brought in a State court of which the district courts of

the United States have original jurisdiction, may be removed by
the defendant or the defendants, to the district court of the United
States for the district and division embracing the place where such
action is pending.

31.    The district court has original jurisdiction over this matter pursuant to Pittsburgh

FHLB's charter. Pittsburgh FHLB's charter is codified, by federal statute, in the Federal Home

Loan Bank Act, 12 U.S.C. § 1421, et seq. The Act provides that all Federal Home Loan Banks

"shall have the power . . . . to sue and be sued, to complain, and to defend, in any court of

competent jurisdiction, State or Federal." *See* 12 U.S.C. § 1432(a). The Supreme Court has held

that "a congressional charter's 'sue and be sued' provision may be read to confer federal court

jurisdiction" where, as here, "it specifically mentions the federal courts." *Am. Nat'l Red Cross v.*

*S.G.*, 505 U.S. 247, 255 (1992).

32.    Section 22(a) of the 1933 Act, 15 U.S.C. § 77v(a), does not preclude removal

under 28 U.S.C. § 1441 because Plaintiff's claims under the 1933 Act are wholly insubstantial

and thus, must be disregarded.

33.    Among other things, Plaintiff's claims under the 1933 Act are barred by 15 U.S.C.

77m, which provides that:

> No action shall be maintained to enforce any liability created under
> section 77k or 77l (a)(2) of this title unless brought within one year
> after the discovery of the untrue statement or the omission, or after
> such discovery should have been made by the exercise of
> reasonable diligence, or, if the action is to enforce a liability
> created under section 77l (a)(1) of this title, unless brought within
> one year after the violation upon which it is based. In no event
> shall any such action be brought to enforce a liability created under
> section 77k or 77l (a)(1) of this title more than three years after the
> security was bona fide offered to the public, or under section 77l
> (a)(2) of this title more than three years after the sale.

34.     Plaintiff's Section 11 claims under the 1933 Act against the Rating Agency Defendants are also barred because the Rating Agency Defendants are not within the categories of persons that may be sued under Section 11.

35.     Plaintiff's Section 11 claims under the 1933 Act against at least certain of the J.P. Morgan Defendants are likewise barred because at least certain of the J.P. Morgan Defendants are not within the categories of persons that may be sued under Section 11.

### OTHER PROCEDURAL REQUIREMENTS

36.     Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d) and Fed. R. Bankr. P. 9027(b).  Pursuant to Fed. R. Civ. P. 5(d), the Removing Defendants will file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

37.     Concurrently with the filing of this Notice of Removal, the Removing Defendants are filing a Notification of Filing of Notice of Removal with the Prothonotary of the Court of Common Pleas of Allegheny County, Pennsylvania in accordance with 28 U.S.C. § 1446(d).

38.     As required under Fed. R. Bankr. P. 9027(a)(1), the Removing Defendants state that the claims asserted against them are non-core, within the meaning of 28 U.S.C. § 157(b), and that they do not consent to entry of final orders or judgment by a bankruptcy judge.

39.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. and Fed. R. Bankr. P. 9011.  *See* 28 U.S.C. § 1446(a); Fed. R. Bankr. P. 9027.

40.     All Defendants join in this Notice of Removal and consent to the removal of this action to this Court, subject to and without waiving any defenses and rights available to them.

11

WHEREFORE, this action should proceed in the United States District Court for the Western District of Pennsylvania, as an action properly removed thereto.

Dated:  October 23, 2009

Respectfully submitted,

/s/ Samuel W. Braver
Samuel W. Braver
PA ID No. 19682
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Telephone:  (412) 562-8939
Facsimile:  (412) 562-1041
samuel.braver@bipc.com

-and-

Dean J. Kitchens
GIBSON, DUNN & CRUTCHER LLP
(*pro hac vice* application forthcoming)
Los Angeles Office
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  (213) 229-7416
Facsimile:  (213) 229-6416

Robert F. Serio
Zachary S. Taylor
(*pro hac vice* applications forthcoming)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035
rserio@gibsondunn.com
ztaylor@gibsondunn.com

*Attorneys for Defendants J.P. Morgan Securities,
Inc. and JPMorgan Chase & Co.*

/s/ Mark A. Willard
Mark A. Willard
PA ID No. 18103
ECKERT SEAMANS CHERIN & MELLOTT,
LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 566-6171
Facsimile: (412) 566-6099

- and -

Joshua M. Rubins
James J. Coster
James Regan
(*pro hac vice* applications forthcoming)
SATTERLEE STEPHENS BURKE & BURKE
LLP
230 Park Avenue
New York, New York 10169
Telephone: (212) 818-9200
Facsimile: (212) 818-9606

*Attorneys for Defendants Moody's Corporation and
Moody's Investors Service, Inc.*


/s/ Walter P. DeForest
Walter P. DeForest
PA ID No. 05009
DEFOREST KOSCELNIK YOKITIS KAPLAN &
BERARDINELLI
3000 Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
Telephone:  (412) 227-3101
Facsimile:    (412) 227-3130

-and-

Floyd Abrams
Susan Buckley
Tammy L. Roy
(*pro hac vice* applications forthcoming)

13

CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York  10005
Telephone:  (212) 701-3000
Facsimile:  (212) 269-5420

*Attorneys for Defendant The McGraw-Hill Companies, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that the within document was served upon the

following individuals on this 23d day of October, 2009, at the following address:

Walter P. DeForest
DEFOREST KOSCELNIK YOKITIS
KAPLAN & BERARDINELLI
3000 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
deforest@dkykb.com
**Served via e-mail**

Mark A. Willard
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
mwillard@eckertseamans.com
**Served via e-mail**

Martin Flumenbaum
Roberta A. Kaplan
Andrew J. Ehrlich
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
m.flumenbaum@paulweiss.com
r.kaplan@paulweiss.com
a.ehrlich@paulweiss.com
**Served via e-mail**

Floyd Abrams
Susan Buckley
Tammy L. Roy
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
f.abrams@cahill.com
s.buckley@cahill.com
t.roy@cahill.com
**Served via e-mail**

Joshua M. Rubins
James J. Coster
James Regan
SATERLEE STEPHENS BURKE
& BURKE LLP
230 Park Avenue
New York, NY 10169
jrubins@ssbb.com
jcoster@ssbb.com
jregan @ssbb.com
**Served via e-mail**

Daniel P. Lynch
William J. Wyrick
Lynch Weis, LLC
501 Smith Drive, Ste. 3
Cranberry Township, PA 16066
**Served via Hand Delivery**

/s/ Samuel W. Braver
Samuel W. Braver