IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FEDERAL HOME LOAN BANK OF
PITTSBURGH,

        Plaintiffs,

v.

J.P. MORGAN SECURITIES INC.,
J.P. MORGAN CHASE & CO.,
MOODY'S CORPORATION,
MOODY'S INVESTORS SERVICE, INC., and
THE MCGRAW-HILL COMPANIES, INC.,

        Defendants.

09cv1421
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION**

### I.   Introduction

This action, filed on September 29, 2009 by Federal Home Loan Bank of Pittsburgh ("FHLBP") in the Court of Common Pleas of Allegheny County, Pennsylvania, raises three state law statutory and common law claims, and three claims under section 11, 12(a) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l(a) and 77o.  Defendants, J.P. Morgan Securities Inc., J.P. Morgan Chase & Co., Moody's Corporation, Moody's Investors Service, Inc., and the McGraw Hill Companies, Inc., timely removed this case to this Court on October 23, 2009, asserting the following three grounds for removal: (1) this Court has original jurisdiction under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA") and all the claims and causes of action may be removed from state court pursuant to 28 U.S.C. § 1453 governing the removal of class actions;  (2) this Court has original jurisdiction under 28 U.S.C. § 1334(b) because this matter is related to a pending bankruptcy proceeding, and all the claims and

causes of action may be removed from state court pursuant to 28 U.S.C. § 1452[1]; and (3) this Court has original jurisdiction pursuant to the charter by which FHLBP was created, and all the claims and causes of action may be removed from state court pursuant to 28 U.S.C. § 1441.

FHLBP has filed a Motion to Remand this case to the Court of Common Pleas of Allegheny County pursuant to section 22(a), the anti-removal provision of the Securities Act of 1933, 15 U.S.C. § 77v(a), which provides in relevant part:

> (a) Federal and State courts; venue; service of process; review; removal; costs
>
> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. . . . *Except as provided in section 77p(c) of this title, no case* arising under this subchapter and *brought in any State court of competent jurisdiction shall be removed to any court of the United States*. . . .

15 U.S.C. § 77v(a) (emphasis added).

The anti-removal provision of the Securities Act of 1933 thus prohibits a defendant from removing a case into federal court, unless it is a "covered class action" as provided in section 77p, Additional remedies; limitation on remedies, 15 U.S.C. § 77p. Section 77p(c) provides: "Removal of covered class actions – Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." 15 U.S.C. § 77p(c).

---

[1] Defendants have abandoned the "related to" bankruptcy proceeding grounds for removal. See Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Doc. No. 43) at i, Table of Contents.

CAFA confers jurisdiction on federal courts over certain class actions in which any defendant and any class member are citizens of different states. 28 U.S.C. § 1332(d)(2). CAFA further enables any defendant to remove a qualifying class action to federal court. 28 U.S.C. § 1453(b).[2] Although not free from doubt, it appears that CAFA may trump the anti-removal statute, so that if a case is a covered class or "mass action" under CAFA, the anti-removal provisions of 15 U.S.C. § 77v(a) does not apply. See e.g., *New Jersey Carpenters Vacation Fund v. Harborview Mortgage Loan Trust*, 581 F.Supp.2d 581, 587-88 (S.D.N.Y. 2008) (citations omitted). The Court need not resolve this issue, however, because the foundation of defendants' removal is fundamentally flawed.

Although defendants struggle heroically to recast plaintiff's complaint as a class action, the reality is that FHLBP's complaint commences a single plaintiff lawsuit raising claims on behalf of one corporate entity alleging it has been directly damaged by defendants' collective actions. Even though its 320 members may ultimately benefit from any judgment in plaintiff's favor, this case is, in form and in substance, a single plaintiff lawsuit. Because it is not a class action, the anti-removal provision of the Securities Act of 1933 prohibits removal of this matter from state court, and the Court will grant plaintiff's motion to remand to the Court of Common Pleas of Allegheny County.

## II.   Removal Jurisdiction

Removal is governed by statute, 28 U.S.C. § 1441, which provides: "(a) *Except as*

---

[2] Under CAFA's "local controversy" exception, however, a federal court must decline jurisdiction if certain conditions are met, including that a super-majority of the members of the putative class and at least one significant defendant are from the state in which the class action was originally filed. 28 U.S.C. § 1332(d)(4)(A).

*otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added).  Federal district courts have "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and diversity jurisdiction over citizens of different states, 28 U.S.C. § 1332.

Additionally, CAFA provides for removal of certain class actions, as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which-(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

Under section 1332(d)(5)(B), paragraph (d)(2) shall not apply if "the number of members of all proposed plaintiff classes in the aggregate is less than 100."  This removal jurisdiction also applies to "mass actions' involving 100 or more plaintiffs.  *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007) (plain language of CAFA provision makes it clear that any "mass action" is also considered a "class action" for purposes of CAFA's removal provisions), rehearing en banc denied, 2008 WL 41327, cert. denied 128 S.Ct. 2877 (2008).  Further, any defendant may, subject to two exceptions not relevant herein, remove the class action to federal court without the consent of all defendants.  28 U.S.C. § 1453(b), Removal of Class Actions.

Whether filed initially in federal court or on removal from a state court, a federal court must always consider its own jurisdiction to proceed in a matter, and should do so *sua sponte* if not raised by the parties. *Id*. at 388-89 (recognizing the "duty of federal courts to examine their subject matter jurisdiction at all stages of the litigation *sua sponte* if the parties fail to raise the issue."). As federal courts are courts of only limited jurisdiction, there is a general presumption against federal jurisdiction which the party seeking to invoke federal jurisdiction bears the burden of rebutting. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, "statutes purporting to confer federal jurisdiction are to be construed narrowly, with ambiguities resolved against a finding of federal jurisdiction," given the "well-established principles reflecting a reluctance to find federal jurisdiction unless it is clearly provided . . ." by Congress. *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 518 (3d Cir. 1998) (citations omitted) (Telephone Consumer Protection Act did not provide for private suits in federal court; "appellants' argument that federal question jurisdiction is proper because the complaint poses a substantial federal question seems misplaced [here because] federal law is the source of appellants' cause of action, but refers litigants to state courts only. Thus, regardless of the presence of a substantial federal question, Congress' intent to preclude consumer suits under TCPA in federal court trumps the general grant of federal question jurisdiction in § 1331.").

So too, because federal courts have limited jurisdiction as defined by Congress, the removal statutes are strictly construed against removal. *E.g., American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1974); see also *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) ("We require the party seeking to remove to federal court to demonstrate federal jurisdiction.") (citing *Frederico v.*

*Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)).

The United States Court of Appeals for the Third Circuit has repeatedly emphasized that because the party "who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists . . . , all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotations and citations omitted). See also *Morgan v. Gay*, 471 F.3d 469, 472-73 (3d Cir. 2006) ("The party seeking to remove a case to federal court bears the burden to establish jurisdiction. . . . Under CAFA, the party seeking to remove the case to federal court bears the burden to establish that the amount in controversy is satisfied.") (citing *Boyer* and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ( "The party invoking federal jurisdiction bears the burden of establishing these elements.") ); *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996) ("all doubts" means that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court" and should be remanded).

### III.     Application

#### A.     This Case Is Not a Class Action

This is not a close case. Defendants recharacterize plaintiff's complaint as a class action because one paragraph states that "[i]n addition to the substantial financial losses that Pittsburgh FHLB has experienced and will experience, the Defendants' conduct has also affected the members of Pittsburgh FHLB and their communities. Because of the conduct of the Defendants and others, Pittsburgh FHLB announced . . . that it was suspending its dividends to its members . . . [and] that it was suspending its charitable program of providing assistance with closing costs payments for certain first-time home buyers." Complaint, Exhibit 1 to Notice of Removal (Doc.

6

No. 1-2, ¶ 62. Taking the Complaint as a whole, this one paragraph does not a class action (or a mass action) make.

The Complaint avers actions taken by FHLBP in purchasing from, through and because of the defendants $100 million in face amount of a mortgage-backed security, based upon defendants' collective actions directed at FHLBP, not at individual members of FHLBP. Moreover, the Complaint alleges losses sustained by FHLBP in its own right, as a corporate entity.

Defendants accuse FHLBP of exalting form over substance to describe its lawsuit as a single party action, when it is defendants who extract one paragraph out of context from the Complaint, magnify its significance and ignore the remaining averments of the Complaint. The Court does not hesitate to find that FHLBP's state court action is an individual action, not a class action, "covered" or otherwise, or a "mass action," and it should not have been removed under the anti-removal proviso of the Securities Act of 1933.[3]

**B.      Original Jurisdiction Based on FHLBP's Federal Charter**

It is true, as defendants argue, that FHLBP is chartered by Congress and authorized to "sue and be sued, to complain and defend, in any court of competent jurisdiction, State of Federal . . . ." 12 U.S.C. § 1432(a). [4] But FHLBP was not sued and did not sue in federal court. Instead,

---

[3] Defendants' argument that plaintiff's federal securities claims under 15 U.S.C. §§ 11, 12(a) and 15 are frivolous because they are untimely and therefore should be disregarded in considering whether to remand to state court is premature. Discovery is necessary upon remand to the Court of Common Pleas to determine the time of discovery of the various claims, and plaintiff makes a plausible argument that it did not and could not reasonably have discovered the claims at some earlier time beyond the statute of limitations period.

[4] This section provides in part as follows:

FHLBP chose to sue in the Court of Common Pleas of Allegheny County, Pennsylvania, which has equal and concurrent jurisdiction, and the specific anti-removal provision of the Securities Act of 1933, 15 U.S.C. § 77v(b), trumps the language of the federal charter, and protects FHLBP's choice of state court from removal.

      For the foregoing reasons, the Court will grant FHLBP's Motion to Remand (Doc. No. 23).[5] An appropriate order shall be entered.

                                                           s/ Arthur J. Schwab
                                                           Arthur J. Schwab
                                                           United States District Judge

cc:     All Registered ECF Counsel and Parties

---

    (a) The directors of each Federal Home Loan Bank shall, in accordance with such rules and regulations as the Director may prescribe, make and file with the Director at the earliest practicable date after the establishment of such bank, an organization certificate which shall contain such information as the Director may require. Upon the making and filing of such organization certificate with the Director, such bank shall become, as of the date of the execution of its organization certificate, a body corporate . . . [including the power to] and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal . . . .

    [5] The Court notes that it has been assigned three similar cases filed by FHLBP in state court and removed to this Court by the various Defendants in those cases. See Civil Action Nos. 09-1420, 09-1457 and 09-1520. While plaintiff's claims are substantially similar and there is some overlap of defendants in the four similar cases, they are nevertheless distinct actions. Briefing schedules are in place in the other cases on plaintiff's Motions to Remand each to state court, and the Court will address and resolve those motions in due course.